IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NGHIA LE a/k/a VINCE LE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO.: 1:14-cv-600-WKW |
| | ) (WO -- Do Not Publish) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Respondent United States of America's ("United States") Motion to Dismiss Civil Petition for Wrongfully and Unlawfully Seized Property Pursuant to FRCP 41(g). (Doc. #14.) The United States seeks dismissal of Petitioner Nghia Le a/k/a Vince Le's ("Le") petition requesting the return of a 2014 Mercedes Benz GL350 that he purchased on May 6, 2014. (*See* Doc. #1.) Le claims that the United States wrongfully and unlawfully seized this property for him in violation of his constitutional rights. Le filed his petition in this Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, which states a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).[1]

---

[1] Rule 41 of the Federal Rules of Criminal Procedure was reorganized in 2002. Until that time, the provision in Rule 41 governing motions to return property was located under subsection (e). It has now been relocated to subsection (g), without substantive change to the Rule. Thus, courts apply case law concerning former Rule 41(e) to the current Rule 41(g). *See United States v. Garza*, 486 Fed. App'x 782, 784 n.3 (11th Cir. 2012) ("In 2002, Rule 41(e) was reclassified as Rule 41(g) with no substantive changes. Therefore, our earlier cases interpreting Rule 41(e) also apply to the new Rule 41(g).").

Where no criminal proceeding is pending against the petitioner, a petition pursuant to Rule 41(g) is treated as an equitable civil action. *See United States v. Dean*, 80 F.3d 1535, 1542 (11th Cir. 2005); *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). A district court's decision to "invoke equitable jurisdiction is highly discretionary [though] and must be exercised with caution and restraint." *In re $67,470*, 901 F.2d 1540, 1544 (11th Cir. 1990). The Rule 41(g) petitioner must show (1) that the government displayed a callous disregard for his constitutional rights, (2) that the petitioner has an individual interest in and need for the property, (3) that the petitioner would be irreparably injured by denial of the relief requested, and (4) that there is no adequate remedy at law available to the petitioner to redress his grievance. *See Richey v. Smith*, 515 F.2d 1239, 1243–44 (5th Cir. 1975).

The United States seeks dismissal of Le's petition on the ground that he has failed to demonstrate that he lacks an adequate remedy at law to redress his grievance. The United States contends that Le, in fact, does have a remedy at law available to him through the Civil Asset Forfeiture Act of 2000 ("CAFRA"), 18 U.S.C. § 983. The United States Secret Service, the agency that seized the property at issue, started administrative forfeiture proceedings on July 3, 2014, against Le's Mercedes Benz by serving Le and his attorneys with notice of intent to seek administrative forfeiture of the vehicle. (Doc. #14.) Le then timely filed a claim in the administrative forfeiture proceedings on July 29, 2014. (Doc. #18.) Indeed, Le does not dispute that he received notice of the administrative forfeiture or that he has filed a claim. Based on this, the United States argues, Le's Rule 41(g) petition must be dismissed because he has an adequate remedy at law. *See $8,050 in United States*

2

*Currency v. United States*, 307 F. Supp. 2d 922, 927 (N.D. Ohio 2004) (holding that a Rule 41(e) motion could not be maintained once the government instituted forfeiture proceedings because the petitioner could no longer show that he lacked an adequate legal remedy).

The Court agrees. Because Le is actively participating in the CAFRA process, and because he has not demonstrated that this process provides him with an inadequate legal remedy to redress his grievance, the United States's Motion to Dismiss (Doc. #14) is GRANTED, and Le's petition (Doc. #1) is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is DIRECTED to close the file.

DONE this the 11th day of September, 2014.

                                                /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE